BRADLEY D. ROSS (BAR NO. 101293)
bdr@ffslaw.com
ARMEN G. MITILIAN (BAR NO. 203191)
agm@ffslaw.com
FREEMAN, FREEMAN & SMILEY, LLP
Penthouse Suite
3415 Sepulveda Boulevard
Los Angeles, California 90034
Telephone: (310) 255-6100
Facsimile: (310) 391-4042

Attorneys for Plaintiff
FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for AMTRUST
BANK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES H. DIDION, an individual, SYLVIA DIDION, an individual, PARK WEST 119 LLC, a Delaware limited liability company dba HRD PARK WEST 119 LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. EDCV 09-2307 JVS (DTBx)<br><br>**REPLY IN SUPPORT OF MOTION BY PLAINTIFF FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK FOR MONETARY SANCTIONS AGAINST DEFENDANT SYLIVA DIDION IN THE AMOUNT OF $11,950 FOR FAILURE TO APPEAR IN PERSON AT MEDIATION**<br><br>Date: December 20, 2010<br>Time: 1:30 p.m.<br>Ctrm: 10-C (Hon. James V. Selna) |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, Federal Deposit Insurance Corporation as Receiver for Amtrust Bank, hereby submits the following Reply in Support of its Motion for Monetary Sanctions Against Defendant Sylvia Didion in the Amount of $11,950 for Failure to Appear in Person at Mediation.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LOCAL RULE 16-15 MANDATED MRS. DIDION'S PRESENCE AT THE MEDIATION

Local Rule 16-15.5(b) begins with a general statement which provides that "each party shall appear at the settlement proceeding in person or by a representative with full authority to settle the case." The rule goes on to illustrate how this requirement is satisfied in cases where the United States or one of its agencies is a party, or in the event that the party is a corporation or other non-governmental entity. Specifically, in such circumstances, attendance by an attorney representing the United States with settlement authority, or a corporate representative with settlement authority is appropriate. Naturally, an entity can only "appear" through an individual, and the rule therefore lays out the procedure to be followed when dealing with a non-party individual. This is when the issue of "settlement authority" becomes a factor.

Neither of the above-described exceptions applies in the instant matter, which involves the unexcused failure to appear by a non-entity party, namely Mrs. Didion. There is no authority which excuses Mrs. Didion from her legal obligation to have appeared for the mediation under Local Rule 16-15.5(b). The rule mandates that parties attend, and when this is not feasible because of a party's status as an entity, alternatives are applied.

Defense counsel tries to argue that the "power of attorney" Mrs. Didion gave to her husband automatically transformed her husband into a "representative with full authority to settle the case" under LR 16-15.5(b). This is a plain misapplication of the rule. Were a power of attorney sufficient to satisfy any non-entity party's obligation to participate in court ordered mediation, attorneys would regularly appear for mediation without their clients. This would obviate the need for mediation, as it would automatically eliminate the possibility of candid, arms' length settlement discussions between parties and mediators. Defendants' claim that Mrs. Didion's

appearance was not required, either because Mr. Didion typically makes family decisions or because Mrs. Didion was allegedly embarrassed at the time of her deposition in this matter, undermines the decisions of both the legislature and this Court in requiring parties to engage in good faith settlement negotiations *in person*.

      Defendants' entire analysis is premised upon the erroneous assertion that Mrs. Didion's presence at the mediation was simply not needed. Counsel and Mrs. Didion made a decision, one which they knew was in direct conflict with the mediator's directive, based upon their belief that ultimately Mrs. Didion's input would carry no significance. This is not a valid criterion in determining whether a party must adhere to the express authority which requires personal attendance.

      It is clear from Mr. Ashworth's extensive written correspondence that he felt that Mrs. Didion's attendance was not only a prerequisite to conducting meaningful settlement negotiations, it was in fact a requirement in this case. Mr. Ashworth explained that his vast experience as a mediator (close to 4,000 cases) had led him to believe that parties must "experience the process" by being present physically in order for settlement discussions to be productive. Ross Decl., Exh. 6. That Mr. Didion now claims to have listened to everything said by Mr. Ashworth during the mediation, and that he was reportedly the "actual decision maker" is immaterial. The case did not resolve, and as Mr. Brittain himself concedes in Mrs. Didion's opposition papers: "The mediation was unproductive and a waste of time." Defs.' Opposition, 2:12. Indeed, this is what Mr. Ashworth contemplated when he insisted, over Mr. Brittain's objection, that Mrs. Didion appear in person.

      The Court ordered the parties to utilize the services of a mediator, in the hope that this would enable them to at least make progress in heading towards a resolution. Mr. Brittain and Mrs. Didion interfered with this process and with the Court's Order by deciding, unilaterally, that they knew best about what was truly needed in order to make the mediation most meaningful. They were obviously wrong.

///

## II. MRS. DIDION'S PURPORTED RELIANCE ON THE MEDIATOR'S BRIEF CHANGE IN POSITION IS DISINGENUOUS

In a weak attempt to divert attention from Mrs. Didion's willful failure to appear, Defendants argue that Mrs. Didion relied upon Mr. Ashworth's short-lived acquiescence, and that this is why she decided not to attend the mediation. The record is quite clear as to what Mrs. Didion's intentions were in regard to the mediation well before Mr. Ashworth quickly changed his mind about allowing her husband to appear on her behalf. Any attempt by Mr. Brittain to claim that Mrs. Didion was planning to appear but for Mr. Ashworth's change of heart is simply untrue.

As set forth in plaintiff's moving papers, Mr. Brittain tried repeatedly to obtain Mr. Ashworth's authority for Mr. Didion to appear at the mediation on behalf of Mrs. Didion, and Mr. Ashworth consistently and unequivocally denied each of his requests. On several occasions, Mr. Ashworth notified Mr. Brittain that *all parties*, including Mrs. Didion, were required to appear for the mediation in person. Mr. Brittain then candidly admitted the following in his September 20, 2010 e-mail to Mr. Ashworth: "I do not know if I will be able to obtain Mrs. Didion's attendance." Ross Decl., ¶8, Ex. 6. This statement was made *before* Mr. Ashworth ever changed his mind about allowing Mr. Didion to appear on behalf of his wife.

It is clear that Mrs. Didion never had any intention of attending the mediation. Now, while facing the prospect of monetary sanctions, she is hanging her hat on Mr. Ashworth's brief change of heart to claim that the real reason for her failure to appear was that she relied upon Mr. Ashworth's agreement. This is totally inconsistent with the record and makes light of Mr. Ashworth's earlier, unwavering admonition that everyone must appear for the numerous reasons he laid out in his written correspondence.

Although Mrs. Didion claims that Mr. Didion was permitted to attend mediations on her behalf in the past, Mr. Ashworth repeatedly stated that in this

particular case, he required Mrs. Didion to attend the mediation. Whatever transpired in prior cases in which Mrs. Didion was involved is immaterial, and Mrs. Didion cannot claim reliance on Mr. Ashworth's decision in those earlier cases, because he made his position in this case clear.

### III. MR. BRITTAIN ASSERTIONS CONCERNING THE APPEARANCE AT MEDIATION BY PLAINTIFF'S REPRESENTATIVE SHOULD BE DISREGARDED

In an obvious attempt to distract the Court from the issue at hand, namely Mrs. Didion's blatant failure to show up for Court-ordered mediation, Mr. Brittain offers a series of unsubstantiated opinions about the qualifications of plaintiff's representative at mediation, Ms. Crismer. He asserts that it is "unlikely" and "doubtful" that the plaintiff's decision maker attended the mediation. His remarks are meritless. At no time did Mr. Brittain challenge the attendance of Ms. Crismer at the mediation, nor would he have had any legitimate grounds to do so. Plaintiff is a corporate entity, and complied with the Court's and Mr. Ashworth's requirement that someone with settlement authority on behalf of the plaintiff in person.

Mr. Brittain suggests that Ms. Crismer was not qualified to appear on behalf of the plaintiff simply because she traveled to the mediation from Pasadena, as opposed to an out of state location discussed by counsel prior. This represents yet another obvious attempt by Mr. Brittain to distract the Court from the only issue at hand. Mr. Brittain's conduct is also rather surprising, given his earlier refusal to stipulate to allow the plaintiff's representative to appear for the mediation via telephone, which *actually is permitted* under Local Rule 16-15.5(b). Ultimately, after forcing the plaintiff, an entity, to arrange for an in person appearance, Mr. Brittain refused to arrange for Mrs. Didion to do the same. Mr. Brittain and Mrs. Didion have acted with unclean hands in this regard, and any assertion on their part that the plaintiff failed to attend the mediation in compliance with the Local Rules is outrageous.

## IV. THE PARTIES' RESPECTIVE POSITIONS ON LIABILITY ARE NOT A FACTOR IN DETERMINING WHO MUST ATTEND A COURT-ORDERED MEDIATION

Mr. Brittain's opposition begins with a discussion of his clients' position on liability and his conclusion that the liability dispute makes settlement "much more difficult." Defs'. Opposition, 2:8-9. There is nothing novel about a litigated matter which entails a dispute as to the issue of liability. Every case is "difficult" to settle, or litigation would not ensue. Whether Mr. Brittain believes that the parties' diametrically opposed positions in this particular case would have made settlement negotiations difficult is certainly not a factor when it comes to the parties' obligations to put forth a good faith effort to commence with discussions. There is no dispute that the Court ordered the parties to mediate this case, and that Order was issued independent of each side's respective liability position.

Defendants also argue that Mrs. Didion's absence at the mediation proved to have no effect on the outcome. This represents sheer speculation. Everyone knows that the case did not resolve through mediation. What remains uncertain is whether Mrs. Didion's attendance might have made a difference. However, by making a unilateral decision that Mrs. Didion was not a vital player in settlement negotiations, Mr. Brittain and Mrs. Didion virtually guaranteed that the case would not settle.

Mrs. Didion is an individually named defendant. While she now claims ignorance, there is no dispute that she executed the Guaranty of the loans at issue. Her husband did not sign the Guaranty on her behalf, and there have been no assertions by Mr. Brittain concerning the competency of Mrs. Didion at the time of execution, or since the onset of this litigation. Mrs. Didion cannot now escape her obligations by trying to minimize her role in this case. She is a proper individually named defendant, and must be treated as such.

///

The fact that Mrs. Didion may have grown "embarrassed" at the time of her deposition is also wholly irrelevant. The "emotional factors" cited by Mr. Brittain are not grounds for his client to have been excused from attending. Had Mrs. Didion's alleged emotional state created a substantial hardship on her part, she was free to move for a protective order. As it stands, the Court issued an Order, and Mrs. Didion failed to comply.

## V. PLAINTIFF IS ENTITLED TO MONETARY SANCTIONS

Mr. Brittain claims that there is no authority for the plaintiff's request for monetary sanctions in this case. However, plaintiff's moving papers expressly cite to FRCP 16(f)(2) ("Sanctions"), which provides:

> "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith in the conference; or (C) fails to obey a scheduling or other pretrial order."

Among the types of pretrial conferences provided for under the forgoing rule are conferences scheduled for the purpose of "facilitating settlement." FRCP 16(a)(5); FRCP 16(c)(1)

In addition, FRCP 16(f)(2) *requires* the Court to award attorney's fees when a party fails to comply with FRCP 16. "…[T]he court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule…" FRCP 16(f)(2)

Mr. Brittain opposes the plaintiff's sanctions request by citing to a string of boilerplate authority concerning the imposition of monetary sanctions in general. Regardless, none of the authority cited is applicable in this instance. As discussed above and in the plaintiff's moving papers, (1) the Court issued an Order, (2) the mediator issued repeated written instructions in regard to the parties' attendance at

mediation, (3) Mr. Brittain asked for permission for Mrs. Didion to be excused from the mediation, and when his requests were denied, she failed to appear anyway; (4) plaintiff's counsel prepared for the mediation and contemplated the attendance by all parties at the mediation pursuant to Mr. Ashworth's instructions; (5) plaintiff's authorized representative appeared for the mediation in person; and (6) the case did not settle at mediation.

Plaintiff's motion was brought in good faith. The plaintiff was forced to incur considerable expense in preparing for and attending a mediation that defendant, Silvia Didion, completely disregarded.

There is no substantial justification for Mrs. Didion's failure to appear. As discussed above, she clearly had no intention of appearing even before Mr. Ashworth agreed to allow Mr. Didion to attend on her behalf. This, combined with Mr. Brittain's refusal to allow the plaintiff's representative to appear for the mediation via telephone, represents the type of gamesmanship which justifies the imposition of monetary sanctions.

Mrs. Didion failed to comply with LR 16-15 and, in turn, with FRCP 16. Under the circumstances, plaintiff's motion is hardly frivolous. Mr. Brittain even acknowledged his client's improper conduct in failing to appear for the mediation in an e-mail dated September 30, 2010, by making reference to a possible payment to the plaintiff. Ross Decl., ¶11, Exh. 8. Obviously, at that point, Mr. Brittain acknowledged that his client had acted improperly in failing to appear for the mediation, or he would not have entertained such an idea. Plaintiff's counsel promptly responded to Mr. Brittain in an e-mail, identifying the estimated costs incurred by the plaintiff in connection with the mediation up to that point, and inviting Mr. Brittain to make a monetary proposal in the hope of obviating the need for the instant motion. Unfortunately, Mr. Brittain never responded to plaintiff's counsel's e-mail.

///

Mrs. Didion had no basis to oppose the plaintiff's motion, and her request for monetary sanctions is truly frivolous.

## VI. CONCLUSION

Mrs. Didion has failed to submit any legal or factual justification for her blatant refusal to attend the Court-ordered mediation. She is in violation of the Court's Order, LR 16-15 and FRCP 16(f). It is therefore respectfully submitted that the plaintiff is entitled to monetary sanctions in the amount of $11,950 for the wasted time and effort expended in preparation for and attendance at the mediation, as well as the time and effort expended in bringing the instant motion.

DATED: December 6, 2010         FREEMAN, FREEMAN & SMILEY, LLP

　　　　　　　　　　　　　　　　　　　/s/ BRADLEY D. ROSS
　　　　　　　　　　　　　　　　By: BRADLEY D. ROSS
　　　　　　　　　　　　　　　　　　ARMEN G. MITILIAN
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　FEDERAL DEPOSIT INSURANCE
　　　　　　　　　　　　　　　　　　CORPORATION as Receiver for
　　　　　　　　　　　　　　　　　　AMTRUST BANK

# CERTIFICATE OF SERVICE

I, MARIA VILLAGRAN, hereby certify that:

I am over the age of 18 years and not a party to this action. My business address is 3415 South Sepulveda Boulevard, Suite 1200, Los Angeles, California 90034, which is located in the city, county and state where the mailing described below took place.

On December 6, 2010, the **REPLY IN SUPPORT OF MOTION BY PLAINTIFF FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for AMTRUST BANK FOR MONETARY SANCTIONS AGAINST DEFENDANT SYLIVA DIDION IN THE AMOUNT OF $11,950 FOR FAILURE TO APPEAR IN PERSON AT MEDIATION** was filed electronically. Notice of this filing was sent to the interested parties below and to all registered parties in the action by operation of the Court's electronic filing system. Parties can access this filing through the Court's system.

Gregory W. Brittain, Esq.
707 Brookside Avenue
Redlands, CA 92373
Email: gwbrittain@verizon.net

I certify that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 6, 2010, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_/s/ Maria Villagran_
Maria Villagran